JOHN T. GORMAN
Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
MARIO GARCIA

FILED
DISTRICT COURT OF GUAM
FEB 15 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR 06-00053 |
|---|---|
| Plaintiff, | ) DEFENDANT'S PROPOSED JURY ) INSTRUCTIONS |
| vs. | ) |
| MARIO GARCIA, | ) |
| Defendant. | ) |

Defendant, MARIO GARCIA, by and through his counsel of record, John T. Gorman, Federal Public Defender, hereby submits the following proposed supplemental jury instructions in the above captioned case.

Mr. Garcia respectfully requests leave to submit other and additional instructions as may become appropriate during the course of trial

DATED: Mongmong, Guam, February 15, 2007.

JOHN T. GORMAN
Attorney for Defendant
MARIO GARCIA

ORIGINAL

## TABLE OF CONTENTS

1. Evidence for Limited Purpose .......................................... 1

2. Ruling on Objections ................................................. 2

3. Evidence of Other Acts of Defendant or Acts or Statements of Others .... 3

4. Other Crimes, Wrongs or Acts of Defendant ............................. 4

5. Defendant's Decision Not to Testify ................................... 5

6. Defendant's Decision to Testify ....................................... 6

7. Communication with Court .............................................. 7

# INSTRUCTION NO. 1
# EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Comment**

As a general rule, limiting instructions need only be given when requested and need not be given sua sponte by the court. *United States v. McLennan,* 563 F.2d 943, 947–48 (9th Cir. 1977), *cert. denied,* 435 U.S. 969 (1978). S*ee also United States v. Beltran,* 165 F.3d 1266, 1271-72 (9th Cir. 1999) (not plain error for court to fail to give limiting instructions regarding other act evidence), *cert. denied,* 528 U.S. 881 (1999); *United States v. Palmer,* 691 F.2d 921, 923 (9th Cir. 1982) (failure to give a limiting instruction sua sponte is generally not reversible error).

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.5

## INSTRUCTION NO. 2
## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.7

2

# INSTRUCTION NO. 3
# EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
# AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

## Comment

This instruction should only be used when Fed. R. Evid. 404(b) evidence has been introduced during trial. It is also necessary to give Instruction 4.3 (Other Crimes, Wrongs, Acts of Defendant) in connection with this instruction. Otherwise, see Instruction 3.9 (Credibility of Witnesses).

Fed. R. Evid. 404 states the circumstances under which evidence of other crimes may be admissible.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.1.0

3

# INSTRUCTION NO. 4
# OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [ *e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

**Comment**

*See* Fed. R. Evid. 404(b).

*See United States v. Montgomery,* 150 F.3d 983, 1000 (9th Cir.), *cert. denied,* 525 U.S. 989 (1998), in which the Ninth Circuit stated:

> We have adopted a four-part test to determine the admissibility of evidence under Rule 404(b). [citation omitted]. First, the evidence of other crimes must tend to prove a material issue in the case. Second, the other crime must be similar to the offense charged. Third, proof of the other crime must be based on sufficient evidence. Fourth, commission of the other crime must not be too remote in time. [citation omitted]. In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test--its probative value must not be substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

*But see United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1014 n.5 (9th Cir. 1995) ("We recognize that in cases involving the use of prior crimes to show opportunity, knowledge, preparation, or motive, similarity may or may not be necessary depending upon the circumstances.") (internal citations omitted).

The other act evidence need not constitute a crime, *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993) ("Prior acts need not be unlawful to be admissible under Rule 404(b) . . . ."), *cert. denied,* 513 U.S. 1059 (1994) and may have occurred after the crime charged, *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991).

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, (2003 Ed.) Section 4.3

4

# INSTRUCTION NO. 5
# DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.3

# INSTRUCTION NO. 6
# DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.4

6

# INSTRUCTION NO. 7
# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Comment**

The court has a continuing duty to instruct the jury while it is deliberating. *McDowell v. Calderon*, 130 F.3d 833, 836 (9th Cir. 1997), *cert. denied*, 523 U.S. 1103 (1998). "Failure to provide the jury with a clarifying instruction when it has identified a legitimate ambiguity in the original instructions is an abuse of discretion." *United States v. Southwell*, 432 F.3d 1050, 1053 (9th Cir. 2005).

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.6

7

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on February 15, 2007:

RYAN M. ANDERSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, February 15, 2007.

RENATE A. DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
MARIO GARCIA