ORIGINAL

Garcia Jury Instructions

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB 21 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 06-00053 |
| Plaintiff, ) | |
| vs. ) | **UNITED STATES' AMENDED [PROPOSED] JURY INSTRUCTIONS** |
| MARIO GARCIA, ) | |
| Defendant. ) | |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed amended jury instructions. In addition, an unnumbered set, without authorities, is submitted on diskette in the event the Court wishes to submit the instructions to the jury.

RESPECTFULLY SUBMITTED this 21ST day of February, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

## INDEX

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof | 2 |
| 3 | Reasonable Doubt - Defined | 3 |
| 4 | What is Evidence | 4 |
| 5 | What is Not Evidence | 5 |
| 6 | Direct and Circumstantial Evidence | 6 |
| 7 | Credibility of Witnesses | 7 |
| 8 | Activities Not Charged | 8 |
| 9 | Statements by Defendant | 9 |
| 10 | Opinion Evidence, Expert Witness | 10 |
| 11 | Theft of Property — Elements | 11 |
| 12 | Knowingly | 12 |
| 13 | Duty to Deliberate | 13 |
| 14 | Consideration of Evidence | 14 |
| 15 | Use of Notes | 15 |
| 16 | Jury Consideration of Punishment | 16 |
| 17 | Verdict Form | 17 |
| 18 | Communication with the Court | 18 |

INSTRUCTION NO. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.1

-1-

INSTRUCTION NO. 2

## CHARGES AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The information in this case accuses the defendant, MARIO GARCIA, of the crime of Theft of Government Property.

Count I of the information reads that on or about September 27, 2006, in the District of Guam, the defendant, MARIO GARCIA, willfully and knowingly, without authority, did dispose and convey a thing of value, to wit: copper cable, of the value of less than $1000, property of the United States, in violation of Title 18, United States Code, Section 641.

Count II of the information reads that on or about August 2004, on two separate occasions, in the District of Guam, the defendant, MARIO GARCIA, willfully and knowingly, without authority, did sell, dispose, and convey a thing of value, to wit: copper cable, of the value of less than $1000, property of the United States, in violation of Title 18, United States Code, Section 641.

The information is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.2

-2-

## INSTRUCTION NO. 3

### REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.5

-3-

INSTRUCTION NO. 4

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 3.6

-4-

INSTRUCTION NO. 5

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.7

-5-

INSTRUCTION NO. 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.8, modified electronically on 03/06.

-6-

## INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness' memory;
3. the witness' manner while testifying;
4. the witness' interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness' testimony;
6. the reasonableness of the witness' testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.9

## INSTRUCTION NO. 8

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the information, not for any other activities.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.11

## INSTRUCTION NO. 9

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 4.1

# INSTRUCTION NO. 10

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 4.17

-10-

Case 1:06-cr-00053   Document 45   Filed 02/21/2007   Page 12 of 20

INSTRUCTION NO. 11

THEFT OF PROPERTY — ELEMENTS

The defendant is charged in Count I of the information with the crime of Theft of Government Property in violation of Title 18, United States Code, Section 641. In order for the defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about September 27, 2006, the defendant willfully and knowingly, without authority, did dispose and convey a thing of value, to wit: copper cable;

Second, that the copper cable was the property of the United States;

Third, that the defendant did dispose and convey the copper cable with the intention of depriving the United States of the use or benefit of the copper cable; and

Fourth, that the value of the copper cable was less than $1000.00.

The defendant is charged in Count II of the information with the crime of Theft of Government Property in violation of Title 18, United States Code, Section 641. In order for the defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about August 2004, the defendant willfully and knowingly, without authority, did sell, dispose, and convey a thing of value, to wit: copper cable;

Second, that the copper cable was the property of the United States;

Third, that the defendant did sell, dispose, and convey the copper cable with the intention of depriving the United States of the use or benefit of the copper cable; and

Fourth, that the value of the copper cable was less than $1000.00.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 8.31, modified.

## INSTRUCTION NO. 12

### KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 5.6

# INSTRUCTION NO. 13

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.1

-13-

## INSTRUCTION NO. 14
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.2

INSTRUCTION NO. 15

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.3

-15-

INSTRUCTION NO. 16

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.4

## INSTRUCTION NO. 17

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.5

INSTRUCTION NO. 18

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.6

-18-